UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

05 10525 RGS

| | |
|---|---|
| ROBIN LEWIS,<br>    Plaintiff<br><br>V.<br><br>UNUM INSURANCE COMPANY OF AMERICA, UNUMPROVIDENT CORPORATION AND TRUSTEES OF HAMPSHIRE COLLEGE LONG TERM DISABILITY PLAN<br><br>    Defendants | MAGISTRATE JUDGE_____<br><br>CIVIL ACTION NO.<br><br>RECEIPT # _62875_<br>AMOUNT $250<br>SUMMONS ISSUED _yes_<br>LOCAL RULE 4.1 _____<br>WAIVER FORM _____<br>MCF ISSUED _____<br>BY DPTY. CLK _____<br>DATE 3/18/05 |

## COMPLAINT

### INTRODUCTION

1. Plaintiff, Robin Lewis (Ms. Lewis), brings this action against Defendants, Unum Insurance Company of America, UnumProvident Corporation (collectively referred to as "Unum") and Trustees of Hampshire College Long Term Disability Plan (Plan), for violation of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. " 1001 et. seq. (ERISA). Ms. Lewis is a participant in the Plan, an ERISA welfare benefit plan whose claims administration is handled by Unum. The Plan is fully insured by a policy of insurance issued by Unum. The Policy number is 1035123-002.

2. This Complaint challenges the Defendants': 1) unreasonable and unlawful denial of Ms. Lewis' long term disability (LTD) income benefits despite the substantial medical evidence demonstrating Ms. Lewis' qualifications for said benefits; 2) pattern of rejecting and/or ignoring the substantial evidence supporting Ms. Lewis' total disability due to her

1

        physical condition; 3) failure to provide Ms. Lewis with a full and fair review of her claim; 4) failure to provide a reasonable claims procedure that would yield a decision on the merits of Ms. Lewis claim; and 5) misclassification of Ms. Lewis' condition as mental as opposed to physical in an attempt to limit their liability under the Policy.

3. Ms. Lewis is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify rights under the terms of the Plan, and to recover costs and attorneys' fees as provided by ERISA.

## JURISDICTION

4. This court has personal and subject matter jurisdiction over this case under 29 U.S.C. 1132(e)(2) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the Plan is administered in this district.

## PARTIES

5. Ms. Lewis is a 40-year-old individual who currently resides in Jamaica Plain, Massachusetts. Ms. Lewis is a vested participant in an employee benefit plan, within the meaning of 29 U.S.C. § 1002(2)(7). Ms. Lewis has standing to bring this action under 29 U.S.C. § 1132(a).

6. The defendant, Unum, is a for-profit corporation with its principal place of business at 2211 Congress Street, Portland, Maine. Unum transacts business in Massachusetts and underwrites the Plan under which Ms. Lewis is suing. Unum is the party responsible for processing the claims made under the Plan and making a final determination as to Plan participants' eligibility for LTD benefits.

7. At all times relevant to the claims asserted in this Complaint, Unum purported to act as an ERISA claims fiduciary with respect to participants of the plan, generally, and

specifically, with respect to Ms. Lewis, within the meaning of ERISA.

8. The defendant, UnumProvident Corporation, is a for-profit corporation with its principal place of business at 1 Fountain Square, Chattanooga, TN 37402. UnumProvident Corporation conducts business in Massachusetts and is the holding company for Unum, the party responsible for insuring the Plan under which Ms. Lewis is suing.

9. The Plan under which Ms. Lewis is suing is a "long-term disability plan" issued by Unum to Hampshire College, a for-profit company with its principal place of business at 893 West Street, Amherst, Massachusetts. The Policy number is 103512-002.

## STATEMENT OF FACTS

### Insurance Entitlement, Definitions of Disability, Discretion

10. In January 2001, Ms. Lewis became disabled as a result of a traumatic brain injury. The symptoms of her condition include chronic fatigue; headaches; short-term memory loss; word-finding and processing problems; syntactical, spelling, and grammar problems; hypersensitivity to light, sounds, smells, and touch; recurring dizziness; numbness in her face neck, and left arm; difficulty with concentration; disorganization; difficulty with hand-eye coordination; stuttering; trembling; disorientation; difficulty with writing and comprehension; and nausea.

11. At the time she became disabled, Ms. Lewis' occupation was that of Assistant Professor of Fiction in the School of Interdisciplinary Arts at Hampshire College in Amherst, Massachusetts. Ms. Lewis worked approximately 50 to 60 hours per week.

12. As an employee of Hampshire College, Ms. Lewis was entitled to LTD benefits, under a contract of insurance between Hampshire College and Unum.

13. Unum both funds and administers the Plan under which Ms. Lewis is suing.

14. Under the terms of the Plan, Unum does not have discretionary authority to determine a claimant's eligibility for LTD benefits and to interpret the terms and provisions of the Plan.

15. Under the terms of the Plan, Ms. Lewis is entitled to receive 60% of her monthly earnings until she turns 65 years old.

16. Under the terms of the Plan, an individual is "disabled" when,
    - you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
    - you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

17. "Limited" is defined as, "what you cannot or are unable to do."

18. "Material and substantial duties" are defined as duties that,
    - are normally required for the performance of your regular occupation; and
    - cannot be reasonably omitted or modified.

19. "Regular occupation" is defined as, "the occupation you are routinely performing when your disability begins."

20. Except for the terms defined above, the Plan contains no other definition or explanation for the term "disability."

## Ms. Lewis' Claim for LTD Benefits

21. On October 10, 2002, Ms. Lewis presented a timely claim to Unum, asserting that she is an insured person, that she became totally disabled due a physical illness while insured, and that she is entitled under the Plan to LTD benefits for the period of time beginning in June 30, 2002, and continuing thereafter until she reaches the age of 65 or is no longer

disabled.

**Onset of Disability and Diagnoses**

22. On January 4, 2001, Ms. Lewis fell one floor through an open stairwell in a restaurant. This accident resulted in multiple injuries, a severe concussion, contusions throughout her body, and brain injury.

23. The symptoms Ms. Lewis experienced as a result of her fall included disorientation, dizziness, imbalance, loss of memory, nausea, sensitivity to noise and light, intense headaches, numbness in left arm and face, and spasms in her hands. These symptoms have worsened, rather than improved, since the time of Ms. Lewis' accident.

24. Since Ms. Lewis's 2001 accident, several doctors have treated and diagnosed her condition. Ms. Lewis was diagnosed with a concussion and contusions by the emergency room doctors who treated her immediately following her accident. Approximately one week following her fall, Dr. Robert Weitzman, Ms. Lewis' primary care physician, diagnosed her with a concussion and a closed-head injury. Subsequently, on March 23, 2001, Dr. Timothy Whelen, a neuropsychologist, diagnosed Ms. Lewis with traumatic brain injury after a thorough neuropsychological evaluation.

25. Since her accident, Ms. Lewis has continued to experience cognitive deficits, in addition to a recurrence of tinnitus, visual floaters, disorientation, and nausea. For physical rehabilitation, Ms. Lewis was treated with physical therapy and chiropractics. Ms. Lewis was also referred to speech and language therapy.

26. On May 2, 2002, Ms. Lewis underwent a second neuropsychological examination by a colleague of Dr. Whelen, Dr. Mitchell Clionsky. On the basis of this evaluation, Dr. Clionsky determined that Ms. Lewis suffered from Mild Traumatic Brain Injury and

diagnosed her with permanent Post-Concussion Syndrome and Cognitive Disorder. Dr. Clionsky recommended that Ms. Lewis reduce her teaching load to one third of her prior teaching load. Dr. Clionsky conditioned this recommendation with accommodations for noise sensitivity, more time for reading and processing new information, and limited number of students and classes.

27. On May 7, 2002, Ms. Lewis met with a neurologist, Dr. Allison Ryan, who diagnosed her with severe Post-Concussive Syndrome.

28. One year later, on September 30, 2003, a neuropsychologist, Dr. Ronald Ruff, performed a neuropsychological evaluation of Ms. Lewis and diagnosed her as suffering from Mild Traumatic Brain Injury. Dr. Ruff documented Ms. Lewis' cognitive deficiencies as deficient verbal fluency and word finding, fluctuations in concentration and attention, relative weakness in recent memory for both verbal and visuospatial tasks, and relative weakness in arithmetic. Dr. Ruff's emotional evaluation indicated symptoms of Adjustment Disorder with Depressed Mood; however, Dr. Ruff clarified that these symptoms were secondary to her failed attempts to return to academia after a lifetime of achievement and hard work.

29. On January 14, 2004, Ms. Lewis sought treatment from neurologist Dr. George Howard, a colleague of Dr. Allison Ryan, in order to obtain a second opinion about the management of her symptoms. Dr. Howard diagnosed Ms. Lewis with traumatic brain injury. Dr. Howard also noted that, "Even though imaging studies may have been negative, significant changes in brain function may have occurred, particularly in regard to memory, attention and concentration." In regard to Ms. Lewis' mental state, Dr. Howard noted that frequent depression is a complicating symptom in the recovery from a

head injury. Ms. Lewis now sees Dr. Howard on a regular basis.

**Inability to Sustain Employment and Recommendation for Disability Leave**

30. In June 2001, Dr. Weitzman recommended that Ms. Lewis take the fall semester off from teaching.

31. Ms. Lewis attempted to return to Hampshire College in January 2002, however, she was unable to maintain the same responsibilities as she had prior to her accident. She was unable to teach her students a quarter of what she normally covered in the class and relied heavily on the professor who co-taught with her to fulfill the responsibilities for the class.

32. After conversations with the deans of Hampshire College and upon the collective recommendations of her treating physicians, Ms. Lewis took a medical leave of absence during the fall 2002 semester. The faculty responded positively to Ms. Lewis' decision to take medical leave, as it was clear to them that she was unable to perform the duties of her job.

33. Ms. Lewis' last day of work at Hampshire College was June 30, 2002. Ms. Lewis' debilitating symptoms rendered her unable to perform the duties of a professor at Hampshire College.

**Application for LTD Benefits and Erroneous Mental Illness Limitation**

34. Ms. Lewis contacted Unum in October 2002 to notify it of her intention to file for LTD benefits. Ms. Lewis subsequently filed her application on October 10, 2002.

35. On January 14, 2003, Unum informed Ms. Lewis that her claim for benefits had been approved under the 24-month mental illness limitation. Despite Ms. Lewis' numerous diagnoses by independent, certified neurologists of traumatic brain injury, Unum determined Ms. Lewis' diagnoses to be Cognitive Disorder NOS and Adjustment

Disorder with Depressed Mood.

**Ms. Lewis' Request for Reconsideration**

36. After receiving Unum's January 2003 letter misclassifying her disability as a mental illness, Ms. Lewis made numerous efforts to correct the misclassification. In addition, Ms. Lewis provided Unum with supportive evidence of traumatic brain injury. Ms. Lewis was assured by a Unum claims handler by phone that her benefits would continue despite the disagreement in terminology.

37. Ms. Lewis received LTD benefits from January 2003 to October 2003.

**Unum's Denial of LTD Benefits**

38. On October 29, 2003, Unum informed Ms. Lewis that her claim was closed effective October 28, 2003, on the basis that there was no clinical support for impairment due to psychological/psychiatric impairment, shoulder injury, or neurocognitive dysfunction.

39. In response, Ms. Lewis contacted Nicole Ferrante of Unum who informed Ms. Lewis that Unum considered traumatic brain injury to be a psychiatric illness.

**Ms. Lewis' Appeal of Unum's Decision to Deny LTD Benefits**

40. On April 22, 2004, Ms. Lewis, through counsel, appealed Unum's decision to deny her LTD benefits. Ms. Lewis' counsel notified Unum that Ms. Lewis would supplement her appeal within the next 45 days.

41. On July 1, 2004, Ms. Lewis, through counsel, submitted to Unum copious medical records from Ms. Lewis' treating physicians supporting Ms. Lewis' disability and limitations due to the physical symptoms of traumatic brain injury.

42. On September 1, 2004, Ms. Lewis, through counsel, submitted for Unum's review, an affidavit from Ms. Lewis, as well as supporting affidavits from Ms. Lewis' friends and

8

colleagues.

**Unum's Approval of Ms. Lewis' Claim on the Erroneous Basis of Mental Illness**

43. On January 11, 2005, Unum informed Ms. Lewis that there was no support for a physical impairment. However, Unum determined it was reasonable to extend Ms. Lewis' benefits under the 24 month mental illness limitation.

In its January 11, 2005 letter to Ms. Lewis, Unum used different definitions of "material and substantial duties" and "regular occupation" than in their January 14, 2003 approval and October 29, 2003 denial letters to Ms. Lewis.

44. In its January 11, 2005 letter, Unum erroneously classified Ms. Lewis' disability under the mental health limitation and erroneously determined that Ms. Lewis' inability to return to work was due to a psychiatric condition and personality traits.

**Social Security Disability Insurance**

45. In the spring 2004, Ms. Lewis applied for Social Security Disability Insurance ("SSDI"). Ms. Lewis was approved for SSDI benefits in June 2004 and is currently collecting a monthly disability benefit from the Social Security Administration.

**Summary**

46. Unum classified Ms. Lewis' traumatic brain injury as a mental illness in an attempt to limit its liability under the terms of the Plan.

47. Ms. Lewis is disabled due to a physical condition.

48. Ms. Lewis remains disabled to this day as a result of the debilitating symptoms from her traumatic brain injury, a physical, and not mental, illness.

49. Ms. Lewis has exhausted her administrative remedies pursuant to 29 C.F.R. 2560.503-1(1).

50. The Defendants failed to provide Ms. Lewis with a full and fair review of her claim for benefits.

51. Any discretion to which Defendants may claim it is entitled under the Plan is negated by its failure to provide Ms. Lewis with an explanation as to its adverse action and a full and fair review of her claim for benefits.

52. The decision to deny Ms. Lewis' benefits was wrongful, unreasonable, irrational, contrary to the substantial evidence, contrary to the terms of the Plan and contrary to law.

53. Unum was influenced by its financial conflict of interest, as both the administrator of the plan and the payor of benefits thereunder, when it denied Ms. Lewis' benefits.

54. Due to the unlawful denial of benefits under ERISA, Ms. Lewis has lost her rightful long-term disability benefits.

55. Due to the unlawful denial of benefits under ERISA, Ms. Lewis has lost the use of her long-term disability benefits.

56. Ms. Lewis has also suffered emotional distress and an exacerbation of her physical condition as a result of Unum's actions.

57. Having exhausted the administrative procedures provided by the Defendants, Ms. Lewis now brings this action.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan**
**Action for Unpaid Benefits)**
**(ALL DEFENDANTS)**

58. Ms. Lewis realleges each of the paragraphs above as if fully set forth herein.

59. The Plan is a contract.

60. Ms. Lewis has performed all of her obligations under the contract.

61. 29 U.S.C. § 1132(a)(1)(B) states that:

> A civil action may be brought ---
>
> > (1) by a participant or beneficiary –
> >
> > > (A) for the relief provided for in subsection (c) of this section, or
> > >
> > > (B) to recover benefits due to her under the terms of her plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan.

62. The Defendants' actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

63. The Defendants unlawfully denied Ms. Lewis' benefits in part by: (1) rejecting, without any basis, the substantial evidence supporting Ms. Lewis' claim for disability based on a physical condition; (2) misclassifying Ms. Lewis' benefits as a mental illness; and (3) denying Ms. Lewis a full and fair review of their decision to deny her benefits.

64. In accordance with 29 U.S.C. §1132, Ms. Lewis is entitled to be paid benefits under the Plan based upon her disabled status from and after February 2003, and continuing into the present.

65. The Defendants have refused to provide Ms. Lewis with these disability benefits and is, therefore, in breach of the terms of the Plan and ERISA, which requires that the Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the Plan participants.

66. As a direct and proximate result of this breach, Ms. Lewis has lost the principal and the use of her rightful LTD benefits.

## SECOND CAUSE OF ACTION
### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

67. Ms. Lewis realleges each of the paragraphs above as if fully set forth herein.

68. Under the standards applicable to ERISA, Ms. Lewis deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

69. The Defendants have the ability to satisfy the award.

70. Ms. Lewis conduct of this action is in the interests of all participants suffering from physical conditions who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

71. The Defendants acted in bad faith in denying Ms. Lewis benefits under the Plan.

72. The award of attorneys' fees against the Defendants will deter others acting under similar circumstances.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1) Declare, adjudge and decree that Ms. Lewis is entitled to ongoing LTD benefits as calculated under the terms of the Plan.

(2) Award Ms. Lewis the full amount of unpaid benefits under the Plan to which she is entitled, together with such pre-judgment interest as may be allowed by law.

(3) Order that the Defendants make restitution to Ms. Lewis in the amount of any losses sustained by Ms. Lewis in consequence of the wrongful conduct alleged herein, together with prejudgment interest.

(4) Award Ms. Lewis the costs of this action and reasonable attorneys' fees; and

## SECOND CAUSE OF ACTION
### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

67. Ms. Lewis realleges each of the paragraphs above as if fully set forth herein.

68. Under the standards applicable to ERISA, Ms. Lewis deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

69. The Defendants have the ability to satisfy the award.

70. Ms. Lewis conduct of this action is in the interests of all participants suffering from physical conditions who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

71. The Defendants acted in bad faith in denying Ms. Lewis benefits under the Plan.

72. The award of attorneys' fees against the Defendants will deter others acting under similar circumstances.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1) Declare, adjudge and decree that Ms. Lewis is entitled to ongoing LTD benefits as calculated under the terms of the Plan.

(2) Award Ms. Lewis the full amount of unpaid benefits under the Plan to which she is entitled, together with such pre-judgment interest as may be allowed by law.

(3) Order that the Defendants make restitution to Ms. Lewis in the amount of any losses sustained by Ms. Lewis in consequence of the wrongful conduct alleged herein, together with prejudgment interest.

(4) Award Ms. Lewis the costs of this action and reasonable attorneys' fees; and

Award such other relief as the court deems just and reasonable.

Dated: March 18, 2005                    Respectfully submitted for the Plaintiff,

                                         By: /s/ Mala M. Rafik
                                         Mala M. Rafik
                                         BBO No. 638075
                                         ROSENFELD & RAFIK, P.C.
                                         44 School Street, Suite 410
                                         Boston, MA 02108
                                         617-723-7470

☙JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

ROBIN LEWIS

**DEFENDANTS**

UNUM LIFE INSURANCE COMPANY OF AMERICA, UNUMPROVIDENT CORPORATION, TRUSTEES OF HAMPSHIRE COLLEGE, LONG TERM DISABILITY PLAN

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mala M. Rafik
Rosenfeld & Rafik, P.C.
44 School Street, Suite 410
Boston, MA 02108
(617) 723-7470

Attorneys (If Known)

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
X 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | X 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN**   (PLACE AN "X" IN ONE BOX ONLY)

X 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

The Plaintiff files this action under ERISA, 29 U.S.C. §1132(a) to recover disability benefits due her under her long-term disability plan administered by UnumProvident Corporation and Unum Life Insurance Company of America.

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:   JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  3-18-05   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUN _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)  Robin Lewis v. Unum Life Insurance Company of America

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
    
    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

    YES ☐    NO  X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  (SEE 28 USC §2403)

    YES ☐    NO  X

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

    YES ☐    NO  X

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

    YES ☐    NO  X

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

    YES  X    NO ☐

    A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

    B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION  X    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   MALA M. RAFIK

ADDRESS   ROSENFELD & RAFIK, P.C., 44 SCHOOL STREET, SUITE 410, BOSTON, MA 02108
TELEPHONE NO.   (617) 723-7470

(Lewis Catergory Form.wpd - 11/27/00)