UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBIN LEWIS,

            Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, UNUMPROVIDENT CORPORATION AND TRUSTEES OF HAMPSHIRE COLLEGE LONG TERM DISABILITY PLAN

            Defendants.

CIVIL ACTION
Docket No: 05-10525 RGS

## ANSWER

Defendants Unum Life Insurance Company of America ("Unum"), UnumProvident Corporation ("UnumProvident") and the Trustees Hampshire College Long Term Disability Plan (the "Plan") answer Plaintiff's Complaint as follows:

### FIRST DEFENSE

### INTRODUCTION

1. Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. In response to Paragraph 2 of Plaintiff's Complaint, Defendants admit that Plaintiff challenges Unum's practices and decisions in relation to her claim; Defendants deny the truth of those allegations.

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint relating to the fact that Plaintiff has filed this action to seek the identified remedies; Defendants deny that she is entitled to such remedies.

{W0354342 1}

## JURISDICTION

4. Paragraph 4 of Plaintiff's Complaint states a legal conclusion to which no response is required; to the extent that a response is required, Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## PARTIES

5. Defendants admit that Plaintiff is 40 years old. Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff currently resides. The remaining allegations contained in Paragraph 5 state a legal conclusion to which no response is required; to the extent that a response is required, Defendants admit the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 of Plaintiff's Complaint states a legal conclusion to which no response is required; to the extent that a response is required, Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendants deny that UnumProvident is "the holding company" for Unum, and admit the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendants deny that the Plan was "issued by Unum to Hampshire College." Defendants are without sufficient knowledge or information to form a belief as to whether Hampshire College is a for-profit company and the location of its principal place of business. Defendants admit the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

## STATEMENT OF FACTS

**Insurance, Entitlement, Definitions of Disability, Discretion**

10. Defendants deny that Plaintiff is or was "disabled." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendants deny that Plaintiff is or was "disabled." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. In response to Paragraph 12 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves and deny any allegations to the contrary. Defendants deny that Plaintiff is "entitled" to benefits.

13. Defendants admit the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. In response to Paragraph 15 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and deny any allegations to the contrary.

16. In response to Paragraph 16 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and deny any allegations to the contrary.

17. In response to Paragraph 17 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and deny any allegations to the contrary.

18. In response to Paragraph 18 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and deny any allegations to the contrary.

19. In response to Paragraph 19 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and deny any allegations to the contrary.

20. In response to Paragraph 20 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and deny any allegations to the contrary.

**Ms. Lewis' Claim for LTD Benefits**

21. Defendants admit that Plaintiff submitted a claim to Unum, the contents of which speak for themselves, and deny any allegations to the contrary. Defendants deny the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

**Onset of Disability and Diagnosis**

22. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendants deny that Plaintiff's symptoms have worsened. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. In response to Paragraph 24 of Plaintiff's Complaint, Defendants admit that Plaintiff submitted to Unum records from the emergency room and Dr. Robert Weitzman dated January 4, 2001 and January 26, 2001, respectively, the contents of which speak for themselves, and deny any allegations to the contrary. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants admit that Plaintiff submitted to Unum a record from Dr. Mitchell Clionsky, dated May 2, 2002, the contents of which speak for themselves, and deny any allegations to the contrary.

27. Defendants admit that Plaintiff submitted to Unum a record from Dr. Allison Ryan, dated May 7, 2002, the contents of which speak for themselves, and deny any allegations to the contrary.

28. Defendants admit that Plaintiff submitted to Unum a record from Dr. Ronald Ruff, dated September 30, 2003, the contents of which speak for themselves, and deny any allegations to the contrary.

29. Defendants admit that Plaintiff submitted to Unum a record from Dr. George Howard, dated January 14, 2004, the contents of which speak for themselves, and deny any allegations to the contrary.

**Inability to Sustain Employment and Recommendation for Disability Leave**

30. Defendants admit that Plaintiff submitted to Unum a record from Dr. Wietzman, dated June 19, 2001, the contents of which speak for themselves, and deny any allegations to the contrary.

31. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendants admit that Plaintiff took a medical leave of absence during the fall 2002 semester. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendants admit that Plaintiff's last day of work at Hampshire College was June 30, 2002. Defendants deny the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint.

**Application for LTD Benefits and Erroneous Mental Illness Limitation**

34. Defendants admit the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendants admit that Unum sent Plaintiff a letter dated January 14, 2003, the contents of which speak for themselves, and deny any allegations to the contrary.

**Ms. Lewis' Request for Reconsideration**

36. Defendants admit that Plaintiff called Unum on February 14, 2003, and stated that she felt uncomfortable with the diagnosis. Defendants further admit that Plaintiff sent Unum a letter dated September 15, 2004, along with a copy of her discharge slip from St. Francis Memorial Hospital, the contents of which speak for themselves, and deny any allegations to the contrary. Defendants deny the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendants admit the allegations contained in Paragraph 37 of Plaintiff's Complaint.

**Unum's Denial of LTD Benefits**

38. Defendants admit that Unum sent Plaintiff a letter dated October 29, 2003, the contents of which speak for themselves, and deny any allegations to the contrary.

39. Defendants admit that Plaintiff spoke with a Unum employee on November 18, 2003, and reviewed the contents of the denial letter. Defendants deny the remaining allegations contained in Paragraph 39 of Plaintiff's Complaint.

**Ms. Lewis' Appeal of Unum's Decision to Deny LTD Benefits**

40. Defendants admit that Plaintiff's counsel sent Unum a letter dated April 22, 2004, the contents of which speak for themselves, and deny any allegations to the contrary.

41. Defendants admit that Plaintiff's counsel sent Unum medical records from numerous physicians on July 1, 2004. The contents of those records speak for themselves and Defendants deny any allegations to the contrary.

42. Defendants admit that Plaintiff's counsel sent Unum affidavits from Plaintiff and others on September 1, 2004, the contents of which speak for themselves, and deny any allegations to the contrary.

**Unum's Approval of Ms. Lewis' Claim on the Erroneous Basis of Mental Illness**

43. Defendants admit that Unum sent Plaintiff a letter dated January 11, 2005, the contents of which speak for themselves, and deny any allegations to the contrary.

44. Defendants admit that Unum sent Plaintiff a letter dated January 11, 2005, the contents of which speak for themselves, and deny any allegations to the contrary. Defendants specifically deny that Unum's classification and determination were "erroneous."

**Social Security Disability Insurance**

45. Defendants admit that Plaintiff was approved for SSDI benefits. Defendants are without sufficient knowledge or information to form a belief as the truth of the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint.

**Summary**

46. Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendants admit the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendants admit the allegations contained in paragraph 57 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION
### (Enforcement of Terms of Plan / Action for Unpaid Benefits)

58. Defendants repeat and reassert with the same force and effect as if set forth in full herein their answers to the allegations contained in Paragraphs 1 through 57 of Plaintiff's Complaint.

59. Paragraph 59 of Plaintiff's Complaint states a legal conclusion to which no response is required.

60. Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. In response to Paragraph 61 of Plaintiff's Complaint, Defendants admit that the quotation is accurate, but deny that Plaintiff is entitled to relief under the quoted statute.

62. Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
### (Attorneys' Fees and Costs)

67. Defendants repeat and reassert with the same force and effect as if set forth in full herein their answers to the allegations contained in Paragraphs 1 through 66 of Plaintiff's Complaint.

68. In response to Paragraph 68 of Plaintiff's Complaint, Defendants admit that the quotation is accurate, but deny that Plaintiff is entitled to relief under the quoted statute.

69. Defendants admit the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

## SECOND DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's recovery, if any, is limited to the terms, conditions, limitations, exclusions, and other provisions of the Policy.

## FOURTH DEFENSE

Defendants have complied with and performed all of their promises, obligations and duties to Plaintiff under the Policy and the handling of the claim for disability benefits under the Policy complied fully with the terms and conditions of ERISA.

## FIFTH DEFENSE

The demand for attorneys' fees should not be granted under ERISA because Defendants' handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

## SIXTH DEFENSE

Each and every act or statement done or made by Defendants and their officers, employees and agents with reference to Plaintiff was a good-faith assertion of Defendants' rights and, therefore, was privileged and/or justified.

## SEVENTH DEFENSE

The Policy contains monthly benefits reductions, including but not limited to reductions for Worker's or Workmen's Compensation awards and Social Security benefits.

## EIGHTH DEFENSE

Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Policy, which Defendants deny, such determinations to do not mean that Plaintiff is entitled to unlimited future benefits under the Policy given, *inter alia*, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

## NINTH DEFENSE

Defendants' decisions were neither arbitrary nor capricious.

## TENTH DEFENSE

The nature of relief sought by Plaintiff is unavailable under ERISA.

## REQUESTED RELIEF

Defendants respectfully request: (i) that the Court dismiss the claims against them with prejudice and that judgment be entered in Defendants' favor on such claims; (ii) that Defendants be awarded their costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

DATED: May 19, 2005

Geraldine G. Sanchez
PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
(207) 791-1100

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for Plaintiff, via overnight mail, postage prepaid, addressed as follows:

>Mala M. Rafik, Esq.
>Rosenfeld & Rafik
>44 School Street
>Boston, MA 02108

DATED: May 19, 2005

>Geraldine G. Sanchez
>PIERCE ATWOOD LLP
>One Monument Square
>Portland, ME 04101
>(207) 791-1100